**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEGAL RECOVERY ASSOCIATES LLC

        *Plaintiff,*

**NOTICE OF REMOVAL**

   -against-

**Case No.**

BRENES LAW GROUP, P.C. AND TROY A.
BRENES
        *Defendants,*

_____

TO THE CLERK OF THE COURT:

      PLEASE TAKE NOTICE that Defendants Brenes Law Group, P.C. and Troy A. Brenes

hereby remove the above-captioned action from the Supreme Court of the State of New York,

County of New York, index number 650453/2022, to the United States District Court for the

Southern District of New York pursuant to 28 U.S.C. §§ 1331 and 1441, and state as follows:

      1.      On January 28, 2022, Legal Recovery Associates LLC ("LRA") filed complaint

against Defendants in the Supreme Court of the State of New York, County of New York

bearing index number 650453/2022 (the "NY State Court Action").

      2.      LRA served Defendants with a Notice of the Complaint via certified mail, which

was mailed on February 3, 2022.

      3.      The NY State Court Action alleges the Defendants, Brenes Law Group, P.C.

("BLG") and Troy Brenes, took loans in the amount of $1,600,000.00 from LRA and refused to

repay those debts. Defendants dispute these claims.

4.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs.

5.      LRA is a corporation organized under the law of New York and has its principal place of business in New York.

6.      Brenes Law Group, P.C. is corporation incorporated under the laws of California and has it principal place of business located in Irvine, California.

7.      Troy A. Brenes is an individual and resides and is domiciled in the state of California.

8.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as it is filed within thirty (30) days after Defendants were served by Plaintiff's with the Complaint in the NY State Court Action.

9.      A true and correct copy of the Verified Complaint and all other materials filed and served on Defendants in NY State Court Action are attached hereto as Exhibit 1.

10.     No prior application for this relief has been made.

11.     Defendants shall promptly give written notice of the Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the NY State Court Action was pending.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendants request that this civil action be removed from the Supreme Court of the State of New York, Count of New York, to the United States District Court for the Southern District of New York.

Dated:  March 2, 2022                Respectfully Submitted,



By:____/s/_Troy A. Brenes_____
       Troy A. Brenes on behalf of himself and
       Brenes Law Group, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2021, the foregoing Notice of Removal, and all exhibits thereto, were filed with the Court and were served upon Defendant Legal Recovery Associates LLC via overnight mail and email at the addresses listed in the Complaint for its counsel of records:

> Andrew Solomon
> Solomon & Cramer LLP
> 25 West 39 Street, 7th Floor
> (t) 212-884-9102
> (f) 516-3693898
> Asolomon@solomoncramer.com

Dated: March 2, 2022

/s/Troy A. Brenes
Troy A. Brenes

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

LEGAL RECOVERY ASSOCIATES LLC,

                Plaintiff,

    -against-

BRENES LAW GROUP, P.C. and TROY A. BRENES,

                Defendants.

-------------------------------------------------------------------X

Index No. _____

**VERIFIED COMPLAINT**

      Plaintiff Legal Recovery Associates LLC, by its attorneys, Solomon & Cramer LLP, for

its complaint against defendants Brenes Law Group, P.C. and Troy A. Brenes states:

## INTRODUCTION

      1.     This is an action to enforce two promissory notes (the Notes), in the principal

amounts of $1,100,000 and $500,000, and a personal guarantee of the indebtedness created by

those Notes.

## JURISDICTION AND VENUE

      2.     Venue is based on CPLR 501, in that the Notes have a mandatory forum selection

clause requiring that any action or proceeding in connection with the Notes be brought in a state

or federal court located in New York County.

      3.     Personal jurisdiction is based on CPLR 301, in that the Notes were "deemed to

have been made and delivered in the State of New York," and the parties agreed that they would

be governed by New York law and that any disputes would be resolved in its courts.

## THE PARTIES

      4.     Plaintiff Legal Recovery Associates LLC (LRA) is a limited liability company

organized under the laws of the State of New York. Its principal place of business is located at

1400 Old Country Road, Westbury, New York 11590.

5.      Defendant Brenes Law Group, P.C. (Brenes) is a professional corporation

organized under the laws of the State of California. Under the Notes, it agreed to be served by

certified mail or registered mail at 27141 Aliso Creek Road, Ste. 270, Aliso Viejo, CA 92656.

6.      Defendant Troy Alexander Brenes (Troy Brenes) is Brenes's principal lawyer and

president. His registered address, according to the State Bar of California, is at 100 Spectrum

Center Drive, Ste. 330, Irvine, CA 92618.

### STATEMENT OF FACTS

7.      Brenes is the maker of a promissory note, dated July 8, 2019, in the principal

amount of $1,100,000 (Note 1, **Exhibit A**).

8.      Brenes is also the maker of a promissory note, dated September 12, 2019, in the

principal amount of $500,000 (Note 2, **Exhibit B**).

9.      Troy Brenes executed a Guarantee Agreement, dated as of July 8, 2019 (the

Guaranty, **Exhibit C**).

10.     Interest on each of the Notes accrues at the annual rate of 17.5%. In the event of a

default, interest would accrue at the annual default rate of 18%.

11.     Brenes agreed to pay the holder of the Notes (*i.e.*, LRA) principal and accrued

interest on the "Payment Date," which is defined as "the date on which Maker receives payment

of any award in respect of all product liability litigations represented by Brenes ...., whether as a

result of judgment, settlement or otherwise."

12.     Upon information and belief, the condition for triggering the "Payment Date" has

been triggered, although Brenes has failed to disclose information about the status of its cases to

LRA.

2

13.     But even if a Payment Date has not been triggered, LRA had the right accelerate the Notes and has exercised that right.

14.     Under the Notes, LRA had the right to declare the unpaid balance of the Notes "due and payable immediately on the occurrence or existence of [an Event of Default]." As defined in the Notes, "Events of Default" include instances in which "any warranty, representation, financial information or statement made or furnished to the Lender by or on behalf of Maker proves to have been false in any material respect when made or furnished."

15.     As collateral security for the Notes, Brenes gave LRA a first-priority security interest in the "Collateral," which is broadly defined to cover all "proceeds, receivables, property, cash and other consideration payable" to the law firm on its products liability cases.

16.     In the Notes, Brenes also gave a representation, warranty and covenant that the Collateral would "be free and clear of any lien, security interest, … or encumbrance except those [created by the Notes]."

17.     According to public records filed with the State of California, on or about October 13, 2020, Brenes executed a financing transaction pursuant to which it granted a third-party lender a general security interest in its assets, including, on information and belief, the Collateral for the Notes.

18.     By granting a security interest in the Collateral to a third-party lender, Brenes triggered an Event of Default under the Notes, thus providing LRA a right of acceleration.

19.     Based on the Event of Default that occurred on October 13, 2020, LRA issued a notice of default and acceleration to Brenes on January 21, 2022 (**Exhibit D**). The notice demanded payment from Brenes for all amounts due under Note 1 and Note 2 within three days.

3

20.     Brenes failed to pay LRA the principal and accrued interest due under the Notes as required under the Notes and as demanded in LRA's notice.

### AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT (AGAINST BRENES)

21.     Plaintiff repeats and realleges the foregoing allegations.

22.     The Notes are valid and binding contracts for the payment of money.

23.     Brenes breached its contractual obligations under the Notes by failing to pay the principal and interest due as of the date of acceleration.

24.     Plaintiff has been damaged by the breach in an amount equal to the principal and accrued interest to the date of acceleration (January 21, 2022) at the pre-default rate of 17.5% per annum and to the date of payment at the default rate of 18% per annum.

25.     Plaintiff is also entitled to recover its attorneys' fees and costs in enforcing the Notes.

### AS AND FOR A SECOND CAUSE OF ACTION: BREACH OF GUARANTY (AGAINST TROY BRENES)

26.     Plaintiff repeats and realleges the foregoing allegations.

27.     Under the Guarantee Agreement, Troy Brenes unconditionally and irrevocably guaranteed to LRA the prompt payment of any current or future indebtedness and obligations of Brenes to LRA. The guaranty expressly covered any failure to repay indebtedness caused by Brenes's breach of its representations and warranties under the Notes and any intentional act by Brenes that impairs LRA's security interest under the Notes.

28.     Troy Brenes is liable to LRA for the full amount of Brenes's obligations to LRA under the Notes because Brenes has failed to repay the amounts due under the Notes as a result of a breach of representation and warranty and due to an impairment of LRA's security in the Collateral for the Notes.

4

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Brenes and Troy Brenes, jointly and

severally, as follows on both causes of action:

      a.  Judgment for the principal amounts of Note 1 and Note 2, $1,100,000 and

          $500,000, plus pre-default interest on each of the Notes to January 21, 2022, at

          17.5% per annum, and post-default interest at 18% per annum to the date of

          judgment;

      b.  an award of Plaintiff's reasonable attorneys' fees and litigation expenses incurred

          in this action, as provided for in the Notes; and

      c.  statutory costs, disbursements, and such other and further relief as is just and

          proper.

Dated: New York, New York
       January 28, 2022

                        SOLOMON & CRAMER LLP
                        *Attorneys for Plaintiff*

                    By:                               
                        Andrew T. Solomon
                        asolomon@solomoncramer.com

                        25 West 39th Street, 7th Floor
                        New York, New York 10018
                        (t) 212-884-9102
                        (f) 516-369-3896

## **VERIFICATION**

STATE OF NEW YORK )
                      )ss.
COUNTY OF NASSAU )

Gary Podell, being duly sworn, deposes and says:

     I am the Manager of Legal Recovery Associates LLC, plaintiff in the above-entitled action and a limited liability company created under the laws of the State of New York. I have read the foregoing complaint and the contents thereof are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Gary Podell

Sworn to before me
this 28 day of January 2022

NOTARY PUBLIC

GEORGE LUI
Notary Public - State of New York
NO. 01LU6173288
Qualified in Queens County
My Commission Expires 8/24/23

6

# Exhibit A

## PROMISSORY NOTE
### {Legal Recovery Associates, LLC to Brenes Law Group, PC}

$1,100,000

July 8, 2019

FOR VALUE RECEIVED, Brenes Law Group, PC, with an office at 27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656 ("Maker"), promises to pay to the order of Legal Recovery Associates LLC or its assigns ("Lender"), on the Payment Date (defined below), the principal sum of One Million One Hundred Thousand Dollars ($1,100,000), together with interest at the annual rate of Seventeen and one half Percent (17.5%) thereon from the date hereof, such interest to accrue daily and to be paid with the payment of principal on the Payment Date or when prepaid. Any amounts past due under this Note shall accrue interest at the rate of Eighteen Percent (18%) per annum until paid in full.[1]

The term "Payment Date" means the date on which Maker receives payment of any award in respect of all product liability litigations represented by Brenes Law Group, PC (the "Case"), whether as a result of judgment, settlement or otherwise.

All sums called for, payable, or to be paid hereunder shall be paid in lawful money of the United States of America, which, at the time of payment, is legal tender for the payment of public and private debts therein.

The Maker shall have the right to prepay this Note, either in whole or in part, without any prepayment fee or penalty, but together with interest accrued to the date of prepayment.

All payments under this Note shall be made without setoff, counterclaim or other defense; provided that Lender may in its discretion setoff amounts owing to Maker against amounts due and payable under this Note. All payments by the Maker shall be made free and clear of and without deduction for any present or future income, stamp or other taxes, levies, imposts, deductions, charges, fees, withholding, restrictions or conditions of any nature now or hereafter imposed, levied, collected, withheld or assessed by any jurisdiction or by any political subdivision or taxing authority thereof or therein, and all interest, penalties or similar liabilities.

At the option of Lender, the unpaid balance of this Note shall become due and payable immediately on the occurrence or existence of any of the following events or conditions (each, an "Event of Default"): (a) any payment required by this Note is not made when due; (b) any default occurs in the performance of any covenant, obligation, warranty or provision contained in this Note; (c) any warranty, representation, financial information or statement made or furnished to Lender by or on behalf of Maker proves to have been false in any material respect when made or furnished; or (d) any bankruptcy, reorganization, debt arrangement or other case or proceeding

under any bankruptcy or insolvency law is commenced with respect to Maker or any of its partners or principals. In addition to the other rights and remedies provided for herein, upon any Event of Default, Lender may exercise all rights and remedies under applicable law, including all of the rights and remedies of a secured party on default under the Uniform Commercial Code then in effect in the State of New York (the "UCC") in respect of the Collateral (as hereinafter defined). All proceeds of the Collateral received following any Event of Default hereunder shall be applied to the indebtedness, obligations and liabilities of Maker under or in connection with this Note as Lender shall determine in its sole and absolute discretion.

As collateral security for the indebtedness, obligations and other liabilities of Maker to Lender hereunder, whether now or hereafter arising, Maker hereby transfers, grants, assigns and pledges to Lender a continuing first-priority, perfected security interest in all of Maker's right, title and interest in, to and under the following property, whether now or hereafter existing, and whether now owned or hereafter acquired (collectively, the "Collateral"): (a) all proceeds, receivables, property, cash and other consideration payable to Maker or any of its affiliates, in connection with the Case (whether as a result of judgment, settlement or otherwise), including, without limitation, contingent fees, common benefit fees, reimbursable expenses and any interest awarded or later accruing on the foregoing; and (b) all proceeds of any of the property described in the preceding clause (a). Maker shall take all steps necessary to perfect and evidence the perfection of the first-priority security interest granted herein, and hereby covenants and agrees to take all such actions in connection therewith as Lender may reasonably request, including, but not limited to, executing and delivering all further instruments and documents, and any other actions relating to the renewal or extension of any provision for the continuing first-priority perfected security interest of Lender in the Collateral, to carry into effect the purposes of this Note or better to assure and confirm the validity, enforceability and priority of Lender's security interest in the Collateral or to enable Lender to exercise and enforce its rights and remedies hereunder or under the UCC. Maker hereby irrevocably authorizes Lender to file a UCC financing statement naming Maker as debtor and Lender as secured party and describing the Collateral.

Maker hereby represents, warrants and covenants for the benefit of Lender as follows: (a) it is duly organized or formed, validly existing and in good standing under the laws of the state of California, and its exact legal name is as set forth in the preamble of this Note; (b) it has all requisite power and authority to own and operate its properties, to carry on its business as now conducted and as proposed to be conducted, to execute and deliver this note, and to carry out the transactions contemplated hereby and fulfill its obligations

---

[1] NTD – Consider specifying applicable day-count convention for interest accrual.

DOC ID - 32247178.3
{N0553255; 3}

hereunder; (c) it is qualified to do business and in good standing in every jurisdiction where its assets are located and wherever necessary to carry out its business and operations; (d) the execution, delivery and performance by Maker of this Note, and the granting of the security interest in accordance with the terms hereof, does not contravene any law or any contractual restriction binding on or affecting Maker or any of its properties; (e) no authorization or approval or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the due execution, delivery and performance by Maker of this Note; (f) this Note constitutes the legal, valid and binding obligation of Maker, enforceable against Maker in accordance with its terms; (g) it is and will be at all times the legal and beneficial owner of the Collateral, free and clear of any lien, security interest, option or other charge or encumbrance except those of the foregoing created by this Note; (h) this Note creates a valid security interest in favor of Lender in the Collateral, as security for the indebtedness, obligations and liabilities of Maker arising hereunder; (i) it has entered into a retainer agreement with each client it represents in the Case, which retainer agreements comply with all applicable laws, rules and regulations (including all applicable rules of professional conduct), are enforceable in accordance with their respective terms, and create a right of Maker to be paid fees for the legal services rendered by it to the applicable clients; (j) it shall comply in all respects with all applicable laws, rules, regulations and orders and shall not use any proceeds of the loan evidenced hereby in any manner that violates any applicable law, rule, regulation or order.

The Maker agrees that if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder, the Maker will pay to the holder hereof holder's reasonable attorneys' fees, together with all court costs and other expenses paid by such holder.

The Maker, endorsers, sureties, guarantors and all other parties who may become liable for all or any part of this Note jointly and severally waive demand, presentment, notice of dishonor, protest, notice of protest, notice of nonpayment, notice of intent to accelerate, notice of acceleration of the maturity of this Note and consent to: (a) any and all extensions of time for any term or terms regarding any payment due under this Note, including partial payments or renewals before or after maturity; (b) any substitutions or release of the Collateral; and (c) the addition, substitution or release of any party liable for payment of this Note.

The Note shall be deemed to have been made and delivered in the State of New York and shall be governed by the laws of the State of New York without regard to principles of conflicts of laws. The Maker agrees that in any action or proceeding brought on or in connection with this Note (i) the Supreme Court of the State of New York for the County of New York, or the United States District Court for the Southern District of New York, shall have exclusive jurisdiction of any

such action or proceeding, (ii) service of any summons and complaint or other process in any such action or proceeding may be made by registered or certified mail directed to Maker at the address referenced above, Maker hereby waiving personal service thereof, (iii) within thirty (30) days after such mailing, Maker shall appear or answer to any summons and complaint or other process, and should Maker fail to appear to answer within said thirty (30) day period, Maker shall be deemed in default and judgment may be entered for the amount as demanded in any summons or complaint or other process so served and (iv) the MAKER HEREBY IRREVOCABLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, IN ANY MANNER CONNECTED WITH THIS NOTE.

This Note may not be terminated orally, but only by a discharge in writing and signed by the party who is the owner and holder of this Note at the time enforcement of any discharge is sought.

This Note shall be binding upon and inure to the benefit of Maker and Lender and their respective successors and assigns, except that Maker may not assign any rights or obligations hereunder or any interest herein without the prior written consent of Lender.

No failure on the part of Lender to exercise, and no delay in exercising, any right, power, privilege or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof by Lender preclude any other or further exercise thereof or the exercise of any other right, power, privilege or remedy of Lender. No amendment or waiver of any provision of this Note, nor consent to any departure by the Maker therefrom, shall in any event be effective unless the same shall be in writing and signed by Maker, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

Any provision hereof which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

This Note evidences the loan described herein and is not meant to, and does not, alter any previous obligations owing by the Maker to the Lender, all of which survive the execution and delivery of this Note.

Maker acknowledges that any lender, administrative agent (or any affiliate of any such lender or administrative agent) under the Credit Agreement dated as of July 3, 2019 to which Legal Recovery Associates LLC is a party, is an intended third party beneficiary of this Note with all rights of such a beneficiary.

DOC ID - 32247178.3

{N0553255; 3}                          2

Any notice required to be sent to Maker may be sent by mail, and adequate postage prepaid, addressed to Maker at 27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656.

Executed effective as of the date first set forth above.

Brenes Law Group, PC

BY: _____

Name: Troy Brenes
Title: President

# Exhibit B

## PROMISSORY NOTE
### (Legal Recovery Associates, LLC to Brenes Law Group, PC)

$500,000

September 12, 2019

FOR VALUE RECEIVED, Brenes Law Group, PC, with an office at 27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656 ("Maker"), promises to pay to the order of Legal Recovery Associates LLC or its assigns ("Lender"), on the Payment Date (defined below), the principal sum of Five Hundred Thousand Dollars ($500,000), together with interest at the annual rate of Seventeen and one half Percent (17.5%) thereon from the date hereof, such interest to accrue daily and to be paid with the payment of principal on the Payment Date or when prepaid. Any amounts past due under this Note shall accrue interest at the rate of Eighteen Percent (18%) per annum until paid in full.[1]

The term "Payment Date" means the date on which Maker receives payment of any award in respect of all product liability litigations represented by Brenes Law Group, PC (the "Case"), whether as a result of judgment, settlement or otherwise.

All sums called for, payable, or to be paid hereunder shall be paid in lawful money of the United States of America, which, at the time of payment, is legal tender for the payment of public and private debts therein.

The Maker shall have the right to prepay this Note, either in whole or in part, without any prepayment fee or penalty, but together with interest accrued to the date of prepayment.

All payments under this Note shall be made without setoff, counterclaim or other defense; provided that Lender may in its discretion setoff amounts owing to Maker against amounts due and payable under this Note. All payments by the Maker shall be made free and clear of and without deduction for any present or future income, stamp or other taxes, levies, imposts, deductions, charges, fees, withholding, restrictions or conditions of any nature now or hereafter imposed, levied, collected, withheld or assessed by any jurisdiction or by any political subdivision or taxing authority thereof or therein, and all interest, penalties or similar liabilities.

At the option of Lender, the unpaid balance of this Note shall become due and payable immediately on the occurrence or existence of any of the following events or conditions (each, an "Event of Default"): (a) any payment required by this Note is not made when due; (b) any default occurs in the performance of any covenant, obligation, warranty or provision contained in this Note; (c) any warranty, representation, financial information or statement made or furnished to Lender by or on behalf of Maker proves to have been false in any material respect when made or furnished; or (d) any bankruptcy, reorganization, debt arrangement or other case or proceeding

under any bankruptcy or insolvency law is commenced with respect to Maker or any of its partners or principals. In addition to the other rights and remedies provided for herein, upon any Event of Default, Lender may exercise all rights and remedies under applicable law, including all of the rights and remedies of a secured party on default under the Uniform Commercial Code then in effect in the State of New York (the "UCC") in respect of the Collateral (as hereinafter defined). All proceeds of the Collateral received following any Event of Default hereunder shall be applied to the indebtedness, obligations and liabilities of Maker under or in connection with this Note as Lender shall determine in its sole and absolute discretion.

As collateral security for the indebtedness, obligations and other liabilities of Maker to Lender hereunder, whether now or hereafter arising, Maker hereby transfers, grants, assigns and pledges to Lender a continuing first-priority, perfected security interest in all of Maker's right, title and interest in, to and under the following property, whether now or hereafter existing, and whether now owned or hereafter acquired (collectively, the "Collateral"): (a) all proceeds, receivables, property, cash and other consideration payable to Maker or any of its affiliates, in connection with the Case (whether as a result of judgment, settlement or otherwise), including, without limitation, contingent fees, common benefit fees, reimbursable expenses and any interest awarded or later accruing on the foregoing; and (b) all proceeds of any of the property described in the preceding clause (a). Maker shall take all steps necessary to perfect and evidence the perfection of the first-priority security interest granted herein, and hereby covenants and agrees to take all such actions in connection therewith as Lender may reasonably request, including, but not limited to, executing and delivering all further instruments and documents, and any other actions relating to the renewal or extension of any provision for the continuing first-priority perfected security interest of Lender in the Collateral, to carry into effect the purposes of this Note or better to assure and confirm the validity, enforceability and priority of Lender's security interest in the Collateral or to enable Lender to exercise and enforce its rights and remedies hereunder or under the UCC. Maker hereby irrevocably authorizes Lender to file a UCC financing statement naming Maker as debtor and Lender as secured party and describing the Collateral.

Maker hereby represents, warrants and covenants for the benefit of Lender as follows: (a) it is duly organized or formed, validly existing and in good standing under the laws of the state of California, and its exact legal name is as set forth in the preamble of this Note; (b) it has all requisite power and authority to own and operate its properties, to carry on its business as now conducted and as proposed to be conducted, to execute and deliver this note, and to carry out the transactions contemplated hereby and fulfill its obligations

---

[1] NTD – Consider specifying applicable day-count convention for interest accrual.

DOC ID - 32247178.3
{N0553255; 3}

hereunder; (c) it is qualified to do business and in good standing in every jurisdiction where its assets are located and wherever necessary to carry out its business and operations; (d) the execution, delivery and performance by Maker of this Note, and the granting of the security interest in accordance with the terms hereof, does not contravene any law or any contractual restriction binding on or affecting Maker or any of its properties; (e) no authorization or approval or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the due execution, delivery and performance by Maker of this Note; (f) this Note constitutes the legal, valid and binding obligation of Maker, enforceable against Maker in accordance with its terms; (g) it is and will be at all times the legal and beneficial owner of the Collateral, free and clear of any lien, security interest, option or other charge or encumbrance except those of the foregoing created by this Note; (h) this Note creates a valid security interest in favor of Lender in the Collateral, as security for the indebtedness, obligations and liabilities of Maker arising hereunder; (i) it has entered into a retainer agreement with each client it represents in the Case, which retainer agreements comply with all applicable laws, rules and regulations (including all applicable rules of professional conduct), are enforceable in accordance with their respective terms, and create a right of Maker to be paid fees for the legal services rendered by it to the applicable clients; (j) it shall comply in all respects with all applicable laws, rules, regulations and orders and shall not use any proceeds of the loan evidenced hereby in any manner that violates any applicable law, rule, regulation or order.

The Maker agrees that if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder, the Maker will pay to the holder hereof holder's reasonable attorneys' fees, together with all court costs and other expenses paid by such holder.

The Maker, endorsers, sureties, guarantors and all other parties who may become liable for all or any part of this Note jointly and severally waive demand, presentment, notice of dishonor, protest, notice of protest, notice of nonpayment, notice of intent to accelerate, notice of acceleration of the maturity of this Note and consent to: (a) any and all extensions of time for any term or terms regarding any payment due under this Note, including partial payments or renewals before or after maturity; (b) any substitutions or release of the Collateral; and (c) the addition, substitution or release of any party liable for payment of this Note.

The Note shall be deemed to have been made and delivered in the State of New York and shall be governed by the laws of the State of New York without regard to principles of conflicts of laws. The Maker agrees that in any action or proceeding brought on or in connection with this Note (i) the Supreme Court of the State of New York for the County of New York, or the United States District Court for the Southern District of New York, shall have exclusive jurisdiction of any

DOC ID - 32247178.3

{N0553255; 3}                                          2

such action or proceeding, (ii) service of any summons and complaint or other process in any such action or proceeding may be made by registered or certified mail directed to Maker at the address referenced above, Maker hereby waiving personal service thereof, (iii) within thirty (30) days after such mailing, Maker shall appear or answer to any summons and complaint or other process, and should Maker fail to appear to answer within said thirty (30) day period, Maker shall be deemed in default and judgment may be entered for the amount as demanded in any summons or complaint or other process so served and (iv) the MAKER HEREBY IRREVOCABLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, IN ANY MANNER CONNECTED WITH THIS NOTE.

This Note may not be terminated orally, but only by a discharge in writing and signed by the party who is the owner and holder of this Note at the time enforcement of any discharge is sought.

This Note shall be binding upon and inure to the benefit of Maker and Lender and their respective successors and assigns, except that Maker may not assign any rights or obligations hereunder or any interest herein without the prior written consent of Lender.

No failure on the part of Lender to exercise, and no delay in exercising, any right, power, privilege or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof by Lender preclude any other or further exercise thereof or the exercise of any other right, power, privilege or remedy of Lender. No amendment or waiver of any provision of this Note, nor consent to any departure by the Maker therefrom, shall in any event be effective unless the same shall be in writing and signed by Maker, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

Any provision hereof which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

This Note evidences the loan described herein and is not meant to, and does not, alter any previous obligations owing by the Maker to the Lender, all of which survive the execution and delivery of this Note.

Maker acknowledges that any lender, administrative agent (or any affiliate of any such lender or administrative agent) under the Credit Agreement dated as of July 3, 2019 to which Legal Recovery Associates LLC is a party, is an intended third party beneficiary of this Note with all rights of such a beneficiary.

Any notice required to be sent to Maker may be sent by mail, and adequate postage prepaid, addressed to Maker at

27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656.

Executed effective as of the date first set forth above.

Brenes Law Group, PC

BY: _____

Name: Troy Brenes

Title: President

DOC ID - 32247178.3

{N0553255; 3}                3

# Exhibit C

## GUARANTEE AGREEMENT

GUARANTEE AGREEMENT dated as of July 8, 2019 made by Troy Brenes (the "Guarantor") in favor of Legal Recovery Associates LLC (the "Lender").

### Certain Definitions

Unless the context indicates otherwise, all terms used herein and not otherwise defined shall have the meanings provided for such terms in the Promissory Note of even date herewith issued by Brenes Law Group, PC (the "Borrower") to the Lender, as such Promissory Note may from time to time be amended, restated, replaced, novated, supplemented or otherwise modified (as so amended, restated, replaced, novated, supplemented or otherwise modified from time to time, the "Note").

### Recitals

The Guarantor owns an interest in the Borrower and has agreed to enter into a guarantee of the obligations of the Borrower under the Note.

### Agreement

IN CONSIDERATION OF the mutual promises herein contained and to induce the Lender to extend financial accommodation to the Borrower, and in recognition of the direct and indirect benefits to be received by Guarantor thereby, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

### 1. Guarantee.

(a)   Subject to the provisions of Section 1(b) of this Agreement, Guarantor hereby unconditionally and irrevocably guarantees to the Lender the prompt and complete payment when due (whether at the stated maturity, by acceleration or otherwise) of any and all of all present and future indebtedness and obligations of the Borrower, mature or contingent, at any time and from time to time outstanding, in connection with the Note, including without limitation all interest which may be payable on the liabilities of the Borrower prior to or during the pending of any insolvency or similar proceeding with respect to such person.   All such indebtedness and obligations are referred to in this Agreement as the "Indebtedness" and will be payable by Guarantor to the Lender at such payment office as the Lender may notify Guarantor of in writing, in Dollars, immediately on demand in the event of any default of the Borrower with respect to any payment when due of the Indebtedness or any part thereof, without setoff or counterclaim.   If the Lender is prevented by law from accelerating any of the Indebtedness in accordance with the terms of any agreement or instrument governing same, the Lender shall be entitled to receive hereunder from Guarantor,

DOC ID - 32247223.2

{N0553256; 2}

upon demand therefor, the sum which would have otherwise been due had such acceleration occurred.

(b)   Anything herein the contrary notwithstanding, the Guarantor shall be liable hereunder only to the extent that the Borrower fails to repay any Indebtedness as a result of:

(i)   fraud or willful misconduct by the Borrower or any of its Affiliates (including the Guarantor), agents or representatives in connection with the Note;

(ii)   the Borrower's or the Guarantor's misapplication or misappropriation of funds of the Borrower;

(iii)   the Borrower's or the Guarantor's misapplication or misappropriation of insurance proceeds; or

(iv)   any act of criminal conduct by the Borrower or any of its Affiliates (including the Guarantor), agents or representatives;

(v)   any representation, warranty, certification or other statement made or deemed made by the Guarantor or the Borrower at any time given by the Guarantor or the Borrower pursuant to or in connection with this Agreement or the Note shall have been false in any material respect as of the date made;

(vi)   the Guarantor is convicted of or pleads guilty to a felony, or the Guarantor willfully violates any material laws or material legal requirements relating to the business property or assets of the Borrower;

(vii)   the Guarantor is disbarred or suspended from the practice of law in any State material to the operations of the Borrower or otherwise suffers the loss of license or ability or right to practice law in any State material to the operations of the Borrower, or the Borrower ceases to or is restricted from operating as a law firm or being involved in the practice of law, or is disallowed from receiving or sharing case proceeds pursuant to any disciplinary action; or

(viii)   the Guarantor leaves the law firm of Brenes Law Group, PC, whether by resignation, dismissal or otherwise, or the Guarantor practices law or is otherwise in any way involved in the practice of law other than through the law firm of Brenes Law Group PC, whether individually or through any other law firm or other enterprise.

(ix)   The Borrower shall file, initiate or consent to the filing of any liquidation, conservatorship, bankruptcy, assignment for the benefit of creditors, moratorium, rearrangement, receivership, insolvency, reorganization, or any debtor relief laws.

(x)   Any intentional act by the Guarantor or the Borrower that prevents, delays or hinders the perfection of the Lender's security interest granted under the Note or otherwise results in

any material damage or diminution in value of any of the security interest or the Lender's interest therein.

(xi) The Guarantor or the Borrower disaffirms, disclaims, repudiates or rejects, in whole or in part, or challenges the validity of the Note, this Agreement, or any term or provision thereof.

(c) No payment or payments made by the Borrower, any other guarantor or any other person or received or collected by the Lender from the Borrower, any other guarantor or any other person by virtue of any action or proceeding or any setoff or appropriation or application at any time or from time in reduction of or in payment of the Indebtedness shall be deemed to modify, reduce, release or otherwise affect the liability of Guarantor hereunder which shall, notwithstanding any such payment or payments other than payments made to the Lender by Guarantor or payments received or collected by the Lender from Guarantor, remain liable for the indebtedness in accordance herewith until the Indebtedness is indefeasibly paid in full.

2. <u>Rights of Lender</u>. Guarantor authorizes the Lender at any time in its discretion (subject only to the consent of the Borrower where the Note specifically provides for such consent) to alter any of the terms of the Indebtedness, to take and hold any security for the Indebtedness and to accept additional or substituted security, to subordinate, compromise or release any security, to release the Borrower or any other party of its liability for all or any part of the Indebtedness, to release, substitute or add any one or more guarantors or endorsers, and to assign this Agreement in whole or in part. Any modifications, renewals and extensions of the Indebtedness may be made at any time by the Lender, before or after any termination of this Agreement, and Guarantor shall be fully liable for any such modifications, renewals or extensions. The Lender may take any of the foregoing actions upon any terms and conditions as the Lender may elect, without giving notice to Guarantor or obtaining the consent of Guarantor and without affecting the liability of Guarantor to the Lender.

3. <u>Independent Obligations</u>.

(a) This Agreement is a guarantee of payment rather than a guarantee of collection. Guarantor's obligations under this Agreement are independent of those of the Borrower and any security for or other guarantee of the Indebtedness of the Borrower. The Lender may bring a separate action against Guarantor without first proceeding against Borrower or any other person or any security held by the Lender and without pursuing any other remedy. The Lender's rights under this Agreement will not be exhausted by any action or inaction by the Lender until all of the Indebtedness has been indefeasibly paid in full. Any statute of limitations which is tolled as to the Borrower by reason of any payment by the Borrower or other circumstance shall operate to toll the statute of limitations as to Guarantor.

(b) The liability of Guarantor hereunder is not affected or impaired by any direction or application of payment by the Borrower or by any other party, or by any other guarantee or undertaking of any other guarantor or any other party as to the Indebtedness of the Borrower, by any payment on, or in reduction of, any such other guarantee or undertaking, by the termination, revocation or release of any obligations hereunder or of any other guarantor, or by any payment made to the Lender on the Indebtedness which the Lender repays to the Borrower or any other guarantor or other person or entity pursuant to court order in any bankruptcy, reorganization, arrangement, moratorium or other debtor relief proceeding, or any other fact or circumstance which would excuse the obligation of a guarantor or surety, and Guarantor waives any right to the deferral or modification of Guarantor's obligations hereunder by reason of any such proceeding, fact or circumstance. This Agreement shall continue to be effective in accordance with its terms, or be reinstated, as the case may be, if at any time payment, or any part thereof, of or with respect to any of the Indebtedness is rescinded or must otherwise be restored or returned by the Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of the Borrower or any other payor thereof, or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, the Borrower or any other payor thereof or any substantial part of its property, or otherwise, all as though such payments had not been made.

4. <u>Waivers of Defenses</u>. Guarantor, to the fullest extent permitted by law, waives: (a) all statutes of limitation as to the Indebtedness, this Agreement or otherwise as a defense to any action brought against Guarantor by the Lender; (b) any defense based upon any legal disability of the Borrower or any discharge or limitation of the liability of the Borrower to the Lender, whether consensual or arising by operation of law or any bankruptcy, insolvency, or debtorrelief proceeding, or from any other cause; (c) presentment, demand, protest and notice of any kind; (d) any defense based upon or arising out of any defense which the Borrower may have to the payment or performance of any part of the Indebtedness; (e) any defense based upon any disbursements by the Lender to the Borrower pursuant to any agreements or instruments governing or securing the Indebtedness whether same be deemed an additional advance or be deemed to be paid out of any special interest or other fund accounts, as constituting unauthorized payments hereunder or amounts not guaranteed by this Agreement; (f) all rights to participate in any security held by the Lender for the Indebtedness; (g) irregularity or unenforceability of any agreement or instrument representing or governing or securing the Indebtedness; (h) any request that the Lender be diligent or prompt in making demands hereunder or under any agreement or instrument representing or governing or securing the Indebtedness; and (i) any other defense in law or equity (other than the defense that the Indebtedness has been indefeasibly paid in full) which, under applicable law, would release the obligation of a guarantor or surety, until the Indebtedness has been indefeasibly paid in full.

DOC ID - 32247223.2

{N0553256; 2}

- 2 -

5. Borrowers' Authority and Financial Condition. It is not necessary for the Lender to inquire into the capacity or powers of the Borrower or the officers, directors, partners or agents acting or purporting to act on behalf of the Borrower, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder. Guarantor has independently, and without reliance on any information supplied by the Lender, taken, and will continue to take, whatever steps it deems necessary to evaluate the financial condition and affairs of the Borrower or any collateral, and the Lender shall have no duty to advise Guarantor of information at any time known to it regarding such financial condition or affairs or any collateral.

6. Waiver of Subrogation Until Indebtedness Paid. Irrespective of any payment by Guarantor to the Lender pursuant to this Agreement, Guarantor will not be subrogated in place of and to the claims and demands of the Lender nor will Guarantor have any right to participate in any security or lien now or hereafter held by or on behalf of the Lender until the final indefeasible payment and satisfaction of all claims and demands due to the Lender hereunder and under the Note.

7. Costs and Expenses. In addition to the amounts guaranteed hereunder, within three business days of demand, Guarantor agrees to pay the Lender's reasonable outofpocket costs and expenses, including but not limited to legal fees and disbursements, incurred in connection with any effort to collect or enforce this Agreement, whether or not any lawsuit is filed.

8. Delay; Cumulative Remedies. No delay or failure by the Lender to exercise any right or remedy against, or to require performance by, the Borrower or Guarantor or any other party shall be construed as a waiver of that right, remedy or requirement, and all such powers of the Lender shall remain in full force and effect, until specifically waived or released by an instrument in writing executed by the Lender. All remedies of the Lender against the Borrower and Guarantor are cumulative.

9. Subordination. Guarantor agrees that any and all indebtedness or claims it may have against the Borrower or any other guarantor, whether such claims are in connection with this Agreement, the Indebtedness, or are completely independent of this Agreement and the Indebtedness, will be subordinate to the claims of the Lender under this Agreement and all Indebtedness guaranteed hereby, and that Guarantor will not assert any such claim against the Borrower until all Indebtedness to the Lender has been completely satisfied hereunder. Notwithstanding such subordination, and without affecting or impairing in any manner the liability of Guarantor under the other provisions of this Agreement, any Indebtedness of the Borrower to any other guarantor, if the Lender so requests, shall be collected, enforced and received by Guarantor as trustee for the Lender and paid over to the Lender on account of the Indebtedness of the Borrower to the Lender. Nothing contained in this paragraph shall prohibit Guarantor from making any prepayment or repayment of any amounts owing by Guarantor to the Borrower.

10. Representations and Warranties. Guarantor represents and warrants to the Lender that:

(a) Binding Obligations. This Agreement constitutes his legal, valid and binding obligation enforceable against him in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency, reorganization or other similar laws affecting the enforcement of creditors' rights generally and by equitable limitations on the availability of specific remedies, regardless of whether such enforceability is considered in a proceeding in equity or at law.

(b) No Violation. The consummation of the transactions contemplated by this Agreement, and the fulfillment of the terms of this Agreement, shall not conflict with, result in breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under any indenture, agreement, mortgage, deed of trust or other instrument to which he is a party or by which he is bound or any of his properties are subject, or result in the creation or imposition of any Lien upon any of his properties pursuant to the terms of any such indenture, agreement, mortgage, deed of trust or other instrument, or violate any law, order, rule or regulation applicable to him or any of his properties, or in any way adversely affect his ability to perform his obligations under this Agreement.

(c) Consents or Approvals. No consent of any other person or entity (including, without limitation, any creditor of the Guarantor) and no consent, license, permit, approval or authorization of, exemption by, notice or report to, or registration, filing or declaration with, any governmental authority is required in connection with the execution, delivery, performance, validity or enforceability of this Agreement.

(d) Financial Benefit. Guarantor has derived or expects to derive a financial or other advantage from the Note or other Indebtedness incurred by the Borrower to the Lender.

(e) No Proceedings. There are no proceedings or investigations pending or, to his knowledge, threatened against him, before any court or other governmental authority having jurisdiction over him or his properties (A) asserting the invalidity of this Agreement, (B) seeking to prevent the consummation of any of the transactions contemplated by this Agreement, or (C) that could have a material adverse effect on the Guarantor.

11. Guaranty Absolute. Guarantor hereby knowingly accepts the full range of risk encompassed within a contract of "continuing guaranty", which risk includes the possibility that the Borrower will contract additional Indebtedness for which the Guarantor may be liable hereunder after the Borrower's financial condition or ability to pay its lawful debts when they fall due has deteriorated, whether or not the Borrower has properly authorized incurring such additional indebtedness. The liability of the Guarantor under this Agreement shall be absolute and unconditional, in accordance with its terms, and shall remain in full force and effect without regard to, and shall not be released, suspended, discharged, terminated or

DOC ID - 32247223.2

{N0553256; 2}

- 3 -

otherwise affected by, any circumstance or occurrence whatsoever.

12. <u>Governing Law</u>. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CHOICE OF LAW DOCTRINE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF ANOTHER JURISDICTION.

13. <u>Jurisdiction</u>. Guarantor hereby agrees that ANY LEGAL ACTION OR PROCEEDING AGAINST GUARANTOR WITH RESPECT TO THIS AGREEMENT OR ANY OTHER AGREEMENT OR DOCUMENT CONTEMPLATED HEREBY OR REFERRED TO HEREIN (INCLUDING WITHOUT LIMITATION ANY SECURITY DOCUMENT EXECUTED BY IT) MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK LOCATED IN THE CITY OF NEW YORK OR OF THE UNITED STATES OF AMERICA FOR THE SOUTHERN DISTRICT OF NEW YORK AS THE LENDER MAY ELECT, AND BY EXECUTION AND DELIVERY OF THIS AGREEMENT GUARANTOR ACCEPTS AND CONSENTS FOR ITSELF AND IN RESPECT TO ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS, and further consents (to the extent permitted by applicable law) to the service of process in any such action or proceeding being made upon Guarantor by mail at the address stated alongside its name on the signature page hereof or at such other address as the Lender is notified of in accordance with Section 15 hereof. The Guarantor agrees that Sections 5-1401 and 5-1402 of the General Obligations Law of the State of New York shall apply to the Loan Documents and waives any right to stay or to dismiss any action or proceeding brought before said courts on the basis of forum non conveniens. Nothing herein shall limit the right of the Lender to bring proceedings against Guarantor in the courts of any other jurisdiction. Guarantor covenants that he is and will remain subject to service of process in the State of New York so long as any of the Indebtedness is outstanding.

14. <u>Severability</u>. If any one or more of the provisions contained in this Agreement or any document executed in connection herewith shall be invalid, illegal or unenforceable in any respect under any applicable law, the validity, legality and enforceability of the remaining provisions contained herein shall not (to the full extent permitted by law) in any way be affected or impaired.

15. <u>Notices</u>. Except as otherwise expressly provided herein, all notices, requests, demands or other communications to or upon the respective parties hereto shall be given in the manner and, in the case of the Lender, to the address, set out in the Note, and shall be effective as set out therein. All notices, requests, demands or other communications to the Guarantor shall be given to the address set forth opposite his signature hereto.

16. <u>Amendment</u>. No provisions of this Agreement shall be waived, amended, supplemented or otherwise modified except by a written instrument executed by Guarantor and the Lender, and then such waiver or modification shall be effective only in

the specific instance and for the specific purpose for which given.

17. <u>Miscellaneous</u>. The provisions of this Agreement will bind and benefit the successors and assigns of Guarantor and the Lender; provided, no rights, duties or obligations of the Guarantor hereunder nor any interest of the Guarantor herein may be assigned or delegated without the prior written consent of the Lender, and any attempted assignment or transfer by the Guarantor without such consent shall be null and void. The descriptive headings used in this Agreement are for convenience only and shall not be deemed to affect the meaning or construction of any provision hereof.

18. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, and by the different parties hereto or thereto (as the case may be) on the same or separate counterparts, each of which when so executed shall be deemed to be an original and all the counterparts shall together constitute one and the same instrument. Electronic signatures hereto shall be of the same force and effect as an original of a manually signed copy.

19. <u>Note to Control</u>. In the event of any conflict or inconsistency between the provisions of this Agreement and the Note, the provisions of the Note shall control.

20. <u>WAIVER OF JURY TRIAL</u>. EACH OF THE LENDER AND GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, THIS AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OF THE LENDER, THE BORROWER OR GUARANTOR. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LENDER ENTERING INTO THIS AGREEMENT AND ACCEPTING THE NOTE.

21. <u>Third Party Beneficiary</u>. Maker acknowledges that any lender, administrative agent (or any affiliate of any such lender or administrative agent) under the Credit Agreement dated as of July 3, 2019 to which Legal Recovery Associates LLC is a party, is an intended third party beneficiary of this Agreement with all rights of such a beneficiary.

22. <u>Recapture</u>. Anything in this Agreement to the contrary notwithstanding, if the Lender receives any payment or payments on account of the liabilities guarantied hereby, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver, or any other party under any debtor relief law, common law or equitable doctrine, then to the extent of any sum not finally retained by the Lender, the Guarantor's obligations to the Lender shall be reinstated and this Agreement shall remain in full force and effect (or be reinstated) until payment shall have indefeasibly been made to the Lender in full, which payment shall be due on demand.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

LENDER:

LEGAL RECOVERY ASSOCIATES LLC

By_____

    Name: Greg Goldberg
    Title: Manager

GUARANTOR:

By _____
    Troy Brenes

DOC ID - 32247223.2

{N0553256; 2}

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____Orange_____ )

On __July 10, 2019_____ before me, __Brooke Lynn Meyers_____

(insert name and title of the officer)

personally appeared __Troy Brenes_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

BROOKE LYNN MEYERS
Commission # 2240377
Notary Public - California
ORANGE County
My Comm. Expires APR 29, 2022

Signature _____ (Seal)

NYSCEF DOC. NO. 5
RECEIVED NYSCEF: 01/28/2022



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

LEGAL RECOVERY ASSOCIATES LLC,

                Plaintiff,

   -against-

BRENES LAW GROUP, P.C. and TROY A. BRENES,

                Defendants.

-------------------------------------------------------------------X

Index No. _____ /2022

Date Purchased: January 28, 2022

**SUMMONS**

Plaintiff designates New York County as
the place of trial

TO THE ABOVE-NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and

to serve a copy of your answer on plaintiff's attorney at the address set forth below within 20

days after the service of this summons, exclusive of the date of service (or within 30 days after

service is complete if the summons is not delivered personally to you within the State of New

York); and in case of your failure to answer or appear, a judgment will be entered against you by

default for the relief demanded in the Complaint.

     The basis of venue designated is CPLR § 501.

Dated: New York, New York
       January 28, 2022

SOLOMON & CRAMER LLP
*Attorneys for Plaintiff*

By:   /s/Andrew T. Solomon
       Andrew T. Solomon

25 West 39th Street, 7th Floor
New York, New York 10018
(212) 884-9102
Email: asolomon@solomoncramer.com

To:  Brenes Law Group, P.C.
     27141 Aliso Creek Road, Ste. 270
     Aliso Viejo, CA 92656

Troy A. Brenes
100 Spectrum Center Drive, Ste. 330
Irvine, CA 92618

*Defendants*

Page **1** of **3**

Expedite _____

 **Non-Attorneys Representing Themselves (Unrepresented Litigants) /
Filing Agent / Pro Hac Vice
"NYSCEF" Account Registration Form**
for <u>Existing Cases</u>

**Expedited Processing**: An E-Filing account will normally be issued in 24-48 hours. If you are
operating under time constraints, type **"Expedite"** in the field at the top of the page.

I, <u>Troy Alexander Brenes</u>, am:
(print full name)

1. **Choose option a, b, or c below:**

    **a.** not an attorney and <u>I am a party</u> to the case set forth below.

    **b.** a member in good standing of the Bar in a jurisdiction outside the State of
    New York, and I have been admitted pro hac vice in the case set forth
    below and I have attached the order of admission to this application.

---

If you have selected option (a) or (b) above, you **MUST** enter the case information into the fields
below.

Index/File/Claim Number: <u>650453/2022</u>

Court: Yates County Surrogate's Court

Caption: <u>Legal Recovery Associates</u>

Plaintiff/Petitioner

– against –

<u>Brenes Law Group, P.C. and Troy Brenes</u>

Defendant/Respondent

    **c.** a person seeking to use NYSCEF as an authorized agent ("filing
    agent") for attorney(s) of record in a case or cases.

**NOTE: Non-attorney applicants MUST have their signature on Page 3 notarized.**\*

2. **I understand and agree that:**

    a. The Primary E-Mail Address below is the address at which service of
    documents after commencement may be made through NYSCEF upon the
    Account Holder or parties represented by the Account Holder.

    b. If I am not an attorney and am representing myself, I understand the
    NYSCEF Resource Center must first verify with the court that I am a party to
    the action before an ID will be issued.

**All pages of this signed application must be returned to the E-filing Resource Center at
nyscef@nycourts.gov or (212) 401-9146 (fax) in order to complete the registration process.**

3. **I am providing the following information as required to register as a NYSCEF Account Holder and to obtain my User ID and Password.**

First Name Troy          MI: A   Last Name: Brenes

Firm Name (if applicable): _____

Primary Email Address: tbrenes@breneslawgroup.com

4. **I understand and agree to the following:**

   a.   I will adhere to the rules governing Electronic Filing in the Uniform Rules for New York State Trial Courts and any protocols issued by participating courts.

   **<u>Non-Attorneys Representing Themselves (Unrepresented Litigants) or Attorneys Admitted Pro Hac Vice</u>**

   I understand that each use of my Account for filing documents with NYSCEF constitutes my signature on the document being submitted for meeting the requirements of Part 130 of the Rules of the Chief Administrator and all rules governing NYSCEF.

   **<u>Filing Agents</u>**

   I will file documents only on behalf of attorneys who have authorized me to file the documents pursuant to a Statement of Authorization form as permitted in the e-filing rules.

   b.   I understand that providing any false information on this form may result in a revocation of my Account Holder status.

   c.   I will protect and secure the confidentiality of my password. If I have reason to believe that my password has been compromised, I will notify the NYSCEF Resource Center immediately by e-mail at efile@nycourts.gov. If I am an attorney, I will also inform the court and the Resource Center immediately of any change in my employment affiliation.

   d.   If I need to modify my Primary E-Mail Address, I shall immediately email the Resource Center a completed Change of Primary email address form to **nyscef@nycourts.gov.**

All pages of this signed application must be returned to the E-filing Resource Center at nyscef@nycourts.gov or (212) 401-9146 (fax) in order to complete the registration process.

I acknowledge that I have read, understand and agree to the terms as stated on this registration form and have provided accurate information: (Pleases print name, sign and date)

**Note: Non-attorney applicants must have signature notarized.**\*

Name: Troy A. Brenes
　　　　　　Print　　　　　　　　　　　　　　　　Signature

Date: 02/25/2022

Address (Street, City, State, Zip Code): 100 Spectrum Center Drive, Ste. 330, Irvine, CA 92618

Telephone Number: 949-397-9360

Fax Number (optional): 9496074192

### *(For non-attorneys only)

Sworn to before me this
_____ day of _____, 20___.

_____
Notary Public

### Please return completed registration form (3 pages) to:

E-Mail: **nyscef@nycourts.gov** (Preferred Method of Submission)

Fax:(212) 401-9146

# Exhibit D



January 21, 2022

Via FedEx and E-Mail (tbrenes@breneslawgroup.com)

Brenes Law Group, PC
27141 Aliso Creek Road, Ste. 270
Aliso Viejo, CA 92656

Re: $1,100,000 Promissory Note dated July 8, 2019 (Note 1) and $500,000 Promissory Note
     dated September 12, 2019 (Note 2) (Note 1 and Note 2 are the "Notes")

Dear Mr. Brenes:

This letter constitutes a notice of default and acceleration of the amounts due under the above-referenced Notes.  Both notes having been made by Brenes Law Group, PC (the "Maker") and given to Legal Recovery Associates LLC (the "Lender").
The circumstances of the default are as follows.

Under the terms of the Notes, an "Event of Default" occurs if "(C) any warranty, representation, financial information or statement made or furnished to Lender by on behalf of Maker proves to have been false in any material respect when made or furnished." Under each of the Notes, Maker represented, warranted, and covenanted that "(g) it is and will be at all times the legal and beneficial owner of the Collateral, free and clear of any lien, security interest, option or other charge or encumbrance except those of the foregoing created by this Note." The "Collateral" is broadly defined in the Notes.

It has come to our attention that, in or about October 13, 2020, the Maker (Brenes Law Group, P.C.) executed a financing transaction pursuant to which it granted a third-party lender a general security interest in its assets as collateral for the borrowing. The security interest is evidenced by a UCC filing with the California Secretary of State. The Maker's grant of a general security interest in its assets constitutes a breach of (and renders false) the representations, warranties, and covenants that it provided to the Lender in the Notes, and thus constitutes an Event of Default.

The remedial provisions of the Notes authorize the Lender to accelerate the amounts due on the Notes and declare them immediately due if an Event of Default occurs. Specifically, each of



the Notes provides: "[a]t the option of Lender, the unpaid balance of this Note shall become due and payable immediately upon the occurrence or existence of any of the following events or conditions (each an "Event of Default").

By this letter, Lender hereby exercises its option and demands that the Maker immediately pay the unpaid balance due under the Notes, inclusive of interest to the date of payment, which is calculated as follows:

| Note | Date | Principal | Rate | Days | Accrued Interest | Balance |
|------|------|-----------|------|------|------------------|---------|
| Note 1 | 7/8/2019 | $1,100,000.00 | 17.50% | 928 | $489,424.66 | $1,589,424.66 |
| Note 2 | 9/12/2019 | $500,000.00 | 17.50% | 862 | $206,643.84 | $706,643.84 |
| | | | | | Total: | $2,296,068.49 |
| | | | | | | |
| Calculation Date: | 1/21/2022 | | | | | |
| Per Diem | $767.12 | | | | | |

If payment is not received by Legal Recovery Associates LLC within three days of the date of this letter, a lawsuit will be commenced against you and the guarantor, Troy Brenes, pursuant to a certain Guarantee Agreement dated July 8, 2019, in accordance with the exclusive forum selection provisions in the Notes. Lender will seek to recover the principal, accrued interest to the date of default, penalty interest at the rate of 20% per annum, and its costs and attorneys' fees, all as provided in the Notes.

Attached are wire instructions for the payment.

Sincerely,

*Legal Recovery associates*

Legal Recovery Associates LLC

cc: Troy Brenes, Esq. (Guarantor)



**LEGAL RECOVERY**
—— ASSOCIATES ——

### Wire Instructions for Payment

Account name: Legal Recovery Associates
Bank Name: Signature Bank
Bank Address: 261 Madison Avenue, 22FL, New York, NY 10016
ABA#: 026013576
A/C#: ▮▮▮▮▮▮▮
Account address: 1400 Old Country Road, Suite 305, Westbury, NY 11590

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------------**x**
LEGAL RECOVERY ASSOCIATES LLC

                            Plaintiff/Petitioner,

        - against -                                    Index No.650453/2022
BRENES LAW GROUP, P.C. AND TROY BRENES


                            Defendant/Respondent.
--------------------------------------------------------------**x**

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: February 3, 2022

Andrew T. Solomon
Name
Solomon & Cramer LLP

Firm Name

25 West 39th, 7th Floor
Address

New York, NY 10018

212-884-9102
Phone

asolomon@solomoncramer.com
E-Mail

To:    Brenes Law Group, P.C.

27141 Aliso Creek Rd, Ste. 270

Aliso Viejo, CA 92656

Troy Brenes
100 Spectrum Center Drive, Ste. 330
Irvine, CA 92618